[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
Plaintiff instituted the present action seeking to recover monetary damages based upon a claim for breach of a separation agreement executed by the parties in November of 1989. The defendant has filed a motion to dismiss the action asserting that mediation is a condition precedent under the settlement agreement to the institution of a lawsuit in the Superior Court.
The provision in question provides, in part, as follows:
"24.1 The Husband and the Wife agree to use their best efforts to resolve any and all disputes and/or disagreements as may arise between them as for the terms, conditions, provisions, agreements or CT Page 826 interpretation of this Agreement. If the parties are unable to reach a resolution of any such dispute or disagreement the parties agree to submit to same to a mutually acceptable mediator for resolution. In the event mediation is not successful in reaching a resolution, either party shall have the right and option of petitioning the Superior Court for the Judicial District of Fairfield at Bridgeport for a determination. The costs of mediation shall be shared equally by the parties unless the Court shall determine the said dispute or disagreement was occasioned by the wilful violation of the Agreement in which event the violating party shall be responsible for all costs of resolution."
The court agrees with Judge Pellegrino as said forth in the case ofCoburn v. Grabowski, 1997 W.L. 309572 (Conn.Super. 1997, Pellegrino, J.) To the effect that mediation clauses should be construed identically to arbitration clauses and where the contract creates a condition precedent to suit, that agreement will be enforced. The agreement executed by the parties provides for mediation even in the event that there is a wilful violation of the agreement and the remedy for such a violation is the payment of the cost of the resolution of the dispute. The court therefore finds that under the agreement, mediation is a condition precedent to the institution of a law suit. The plaintiff asserts that the law does not require a useless act has provided an affidavit stating that the defendant had advised the plaintiff that she had no desire to discuss the matter and had no intention of paying any monies due under the separation agreement. At most this affidavit establishes only a wilful breach of the agreement and is not a refusal to enter into mediation as required under the agreement.
Accordingly, the motion to dismiss is hereby granted. See, Coburn v.Grabowski, supra.
RUSH, J.